UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 01-cr-25-P-S |
| GARRY JULIEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF ORDER ON MOTION FOR SENTENCE REDUCTION**

This Memorandum provides the Court's written explanation for its decision to GRANT Defendant's Amended Motion to Reduce Sentence and thereby reduce the term of imprisonment to 135 months.

On June 12, 2002, the Court sentenced the Defendant to a term of imprisonment of 168 months, which represented the lowest end of the then-applicable Guideline range. As a result of the recent amendment of USSG § 1B1.10, the Defendant's Guideline range has been reduced to 135 to 168 months. Thus, under 18 U.S.C. § 3582(c) and USSG § 1B1.10, Defendant is eligible to have his sentence reduced to the lowest end of his amended guideline range, namely 135 months.

Because the Government does not oppose the reduction to 135 months, there would appear to be little need for written explanation for the Court's decision here. However, Defendant has urged the Court to lower his sentence even further requesting a sentence of 121

months.[1]  (See Def.'s Am. Mot. for Sentence Reduction (Docket # 135) at 11.)  Essentially, Defendant seeks a variant sentence, also known as a variance.

Notably, when Defendant was originally sentenced on June 12, 2002, the term "variance" was unknown in the world of federal sentencing.  Rather, at that time, the Guidelines were universally considered to be mandatory giving this Court no discretion to sentence Julien to less than the lowest end of the applicable Guideline range absent a downward departure.  Since that time, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005) and has made it clear that the Guidelines are advisory and serve as "the starting point and the initial benchmark" from which the Court determines the appropriate sentence after consideration of all of the factors found in 18 U.S.C. § 3553(a).  Gall v. United States, 128 S. Ct. 586, 596 (2007).

Although the Court has decided more than thirty motions for sentence reduction since the retroactive crack cocaine amendments became effective on March 3, 2008, none of those cases have advanced the particular argument pressed by Julien.  Essentially, Julien argues that his eligibility for a sentence reduction under 18 U.S.C. § 3582(c) opens the door to him receiving the benefit of Booker, that is, an individualized sentence crafted by the Court's consideration of the applicable Guideline range as well as all of the § 3553(a) factors.  Therefore, Defendant argues that the Court could and should impose a sentence even lower than the lowest end of his amended Guideline range.

While the Court has appreciated the thoughtful arguments presented in Defendant's motion papers and at oral argument, the Court now concludes that it cannot apply a variance to this pre-Booker Defendant as a result of his eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2).

---

[1] Notably, Defendant and the Government both acknowledge that a ten year statutory mandatory minimum applies to this case thereby setting an absolute floor of 120 months for any sentence the Court might impose on the Defendant.  See 21 U.S.C. § 841(b)(1)(A).

First and foremost, the Court concludes that Defendant's argument cannot clear the jurisdictional hurdle of the final judgment rule. Pursuant to this rule, the Court generally has no jurisdiction to resentence a criminal defendant. See, e.g., United States v. Jordan, 162 F.3d 1, 2 (1st Cir. 1998). One of the few statutory exceptions to this jurisdictional rule is found in 18 U.S.C. § 3582(c). However, as applicable to the Defendant, this statutory exception to the final judgment rule limits the Court to sentence reductions that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the Court's assessment, this language regarding sentence reductions amounts to a limit on the Court's jurisdiction. See, e.g., United States v. Gagot, 534 F. Supp. 2d 212, 213 (D. Mass. 2008); United States v. Cruz, No. 02-CR00725, 2008 WL 539216 at *4-*5 (E.D.N.Y. 2008) (reaching a similar conclusion). Turning to the applicable Guideline policy statements, there is no doubt that the Court may not apply a variance when no variance was applied at sentencing. See, e.g., USSG § 1B1.10(b)(1) ("In making [a sentence reduction] determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that *were applied when the defendant was sentenced* and shall leave all other guideline application decisions unaffected.") (emphasis added); USSG § 1B1.10(b)(2) & Application Note 3. These policy statements ultimately serve as a jurisdictional bar in the context of this proceeding.

Even absent the jurisdictional bar, the Court concludes that Booker cannot be applied retroactively in the context of this case. The First Circuit has already clearly held that Booker does not apply retroactively to convictions that have become final. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 & n. 6 (1st Cir. 2005). Of course, Defendant argues that his valid motion for a reduction pursuant to 18 U.S.C. § 3582(c)(2) opens the door to reexamining his

3

sentence and that <u>Booker</u> and its progeny dictate that during this reexamination the Guidelines may play only an advisory role. To this end, Defendant urges the Court to follow the Ninth Circuit's decision in <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007). In short, the Court does not find <u>Hicks</u> to be persuasive regarding the application of <u>Booker</u> to all sentence reductions done pursuant to § 3582(c)(2). Rather, the Sixth Amendment concerns that motivated the <u>Booker</u> Court to declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2). <u>See, e.g.,</u> <u>United States v. Poland</u>, 533 F. Supp. 2d 199, 207-08 (D. Me. 2008); <u>Cruz</u>, 2008 WL at *5. Absent similar constitutional concerns, there is no basis for this Court to find that the <u>Booker</u> remedy should be expanded into the context of §3582(c)(2) reductions. <u>See, e.g.,</u> <u>United States v. Rodriguez-Pena</u>, 470 F.3d 431, 433 (1st Cir. 2006) ("§ 3582(c) only allows a reduction where the Sentencing Commission, not the Supreme Court has lowered the [sentencing] range.") (quoting <u>United States v. Price</u>, 438 F.3d 1005, 1007 (10th Cir. 2006)).

Taking into account all of the directives found in 18 U.S.C. §§ 3582(c) & 3553(a) as well as the applicable Guidelines, the Court finds that its reduction of the Defendant's sentence is limited to the lowest end of the revised Guideline range. Therefore, the Court will reduce the Defendant's sentence to 135 months.[2] In making this decision to reduce the Defendant's sentence, the Court has considered both public safety considerations and post-sentencing conduct as required by USSG § 1B1.10 Application Note 1(B).

SO ORDERED.

                                        /s/ George Z. Singal
                                        Chief U.S. District Judge

Dated this 2nd day of May, 2008.

---

[2] The Court is satisfied that this sentence is sufficient but not greater than necessary to comply with all of the factors considered under 18 U.S.C. § 3553(a). Thus, even if <u>Booker</u> were applied, the Court would in all likelihood impose the same sentence.